UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

YINPAO ZHOU,
Petitioner,
v.
WARDEN, IMPERIAL REGIONAL DETENTION FACILITY, et al.,
Respondents.

Case No.: 26-CV-5016 JLS (DEB)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Presently before the Court is Petitioner Yinpao Zhou's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court is Respondents' Return to Habeas Petition ("Ret.," ECF No. 7), and Petitioner's Traverse ("Trav.," ECF No. 8). For the reasons set forth below, the Court **DENIES** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1).

**BACKGROUND**

Petitioner, a citizen of China, has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") since April 2, 2025. Pet. at 3. On August 13, 2025, an immigration judge ("IJ") terminated Petitioner's removal proceedings, a decision DHS appealed to the Board of Immigration Appeals

("BIA") on September 10, 2025. *Id*. at 2–3. An IJ denied Petitioner's request for release after a custody redetermination hearing, finding Petitioner presented a flight risk. *Id*. at 3. Thereafter, Petitioner wanted to depart the United States for China while waiting for the BIA to issue a decision on the pending appeal. *Id*. Petitioner's counsel reached out to Respondents to inquire whether Petitioner could await the BIA's appeal decision from China and leave under DHS "safeguards[.]" *Id*. at 3–4. Petitioner's counsel sought an agreement with Respondents where Petitioner would not waive his pending appeal upon departure to China. *Id*. at 4. Respondents agreed to allow Petitioner to voluntarily depart the United States under the condition he consent to a removal order. *Id*. Petitioner did not acquiesce and, instead, filed the instant Petition. *Id*.

As noted above, this is not Petitioner's first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court takes judicial notice of *Zhou v. Trump*, No. 25-cv-3503 JLS (DEB) (S.D. Cal.) ("*Zhou I*"). *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records). On January 16, 2026, Petitioner filed his first amended petition for a writ of habeas corpus in this Court seeking release from immigration custody, or alternatively, another bond hearing. *See Zhou I*, ECF No. 11. The Court issued an order requiring a response in *Zhou I*. After briefing from the parties, this Court denied the petition on April 7, 2026. *See id.*, ECF No. 16. The Court reasoned that Petitioner's bond hearing did not violate the Fifth Amendment's Due Process Clause or the Administrative Procedural Act. *Id.* The Court also noted that Petitioner failed to exhaust his administrative remedies by filing his petition before filing an appeal with the Board of Immigration Appeals ("BIA"). *Id.*

On September 3, 2026, Petitioner filed the present Petition seeking immediate release and alleging his continued detention violates the Fifth Amendment, the Immigration and Nationality Act ("INA"), and the INA's implementing regulations. *See Zhou v. Warden, Imperial Reg'l Det. Ctr.*, 26-CV-5017 JLS (DEB) (S.D. Cal.) ("*Zhou II*"). Petitioner claims Respondents are "violating his constitutional and statutory rights in two

ways: (1) they are violating his fundamental right to travel from the United States, and (2) they are violating his fundamental right not to be subject to punitive conditions of detention." Pet. at 10. Petitioner seeks declaratory and injunctive relief, declaring Petitioner's ongoing detention that prevents him from traveling to China is a violation of the Fifth Amendment and mandating Respondents release Petitioner under safeguards to facilitate his travel to China. *Id.* Alternatively, Petitioner requests immediate release. *Id.*

Respondents argue Petitioner has not established a due process violation because the Government is within its statutory authority to discretionarily deny voluntary departure. *See* Ret. at 6. The Court agrees.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement. *See* 28 U.S.C. § 2241(a). In contrast, the sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). A petitioner prevails in his petition for writ of habeas corpus if he shows that his custody violates the Constitution or laws of the United States. *See* 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

## DISCUSSION

Here, Petitioner is lawfully detained under 8 U.S.C. § 1226(a). *See Zhou I*, ECF No. 16. Petitioner erroneously asserts that Respondents' discretionary denial of his request for voluntary departure amounts to a due process claim entitling him to release from custody. Voluntary departure is a form of discretionary relief created by Congress, only afforded under certain circumstances, and only after a noncitizen meets specific eligibility criteria. *See generally* 8 U.S.C. § 1229c(b)(1)(A). Respondents *may* offer voluntary departure to a noncitizen in removal proceedings but are not required to do so. *Id.* As

such, Respondents are under no obligation to agree to Petitioner's request for voluntary departure, and much less to a condition that Petitioner be permitted to depart without waiving his BIA appeal. Petitioner cites no controlling authority to support his contention that Respondents' refusal to grant him voluntary departure, without stipulating to a removal order, equates to a violation of his fundamental right to travel. Petitioner argues Respondents have previously permitted a noncitizen to leave the country during the pendency of an appeal. Pet. at 8. However, because Respondents' authority to grant voluntary departure is discretionary, it is irrelevant that Respondents exercised that discretion in other cases.

Petitioner next argues that the existence of "safeguards" for voluntary departure compels Respondents to offer such departure. *See* Trav. at 2. Not so. The statue permits DHS to utilize safeguards *after* granting voluntary departure, which Respondents have declined to do. *See* 8 C.F.R. § 240.25.[1] Petitioner has cited no authority that transforms Respondents' discretion into a mandate.

Moreover, the Ninth Circuit has held that "aliens have no fundamental right to discretionary relief from removal for purposes of due process and equal protection." *Tovar-Landin v. Ashcroft*, 361 F.3d 1164, 1167 (9th Cir. 2004) (citing *Munoz v. Ashcroft,* 339 F.3d 950, 954 (9th Cir. 2003). Here, there is no constitutionally protected liberty interest in the discretionary privilege of voluntary departure. The United States Supreme Court has further clarified that "individuals lawfully determined to be deportable from this country are not entitled to leave on their own terms [.]" *Monsalvo v. Bondi*, 604 U.S. 712, 715 (2025). As such, the due process claim fails.

Even if the Court agreed with Petitioner, he fails to identify any statutory authority that would permit this Court to "order Respondents to release Petitioner from custody under

---

[1] *See* 8 C.F.R. § 240.25 (b) "Conditions. The Service may attach to the granting of voluntary departure any conditions it deems necessary to ensure the alien's timely departure from the United States, including the posting of a bond, continued detention pending departure, and removal under safeguards." § 240.25 Voluntary departure—authority of the Service."

safeguards, established by the Respondents, [and] facilitate his travel to his home country of China." Pet. at 10. For the reasons explained above, determination of voluntary departure clearly falls within the purview of Respondent's statutory authority.

To the extent Petitioner is arguing his detention is punitive because it has become prolonged, the Court declines to grant release for the reasons stated in this Court's Order denying Petitioner's firstly filed petition. *See Zhou I*, ECF No. 16 at 11.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 1). As this concludes the litigation on this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: October 19, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge